UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES  DIVISION

| | |
|---|---|
| **DWIGHT E. MOSS**<br>     **FED. REG. #76847-004**<br>**VERSUS**<br>**J. P. YOUNG, ET AL** | **CIVIL ACTION NO.  2:12-CV-1592**<br>**SECTION P**<br>**JUDGE TRIMBLE**<br>**MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *habeas corpus* petition filed on June 11, 2012, by Dwight Moss pursuant to 28 U.S.C. §2241.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO).  Petitioner names FCIO and Warden Joseph P. Young as defendants.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §2241 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

On July 21 2006, the Grand Jury for the United States District Court, Southern District of Florida returned a six count indictment charging petitioner with trafficking and using one or more unauthorized access devices in violation of 18 U.S.C. §1029(a)(2); effecting transactions with access devices issued to another person, in violation of 18 U.S.C. §1029(a)(5); three counts of aggravated identity theft in violation of 18 U.S.C. §1028(a)(1); and being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1).  *U. S. v. Moss,* No. 1:06-cr-20442 (U.S. Dist.

Ct., S.D. Fla.). Petitioner proceeded to trial in the Southern District of Florida and on January 16, 2007, a jury found him guilty as charged. On April 12, 2007, he was sentenced to 222 months imprisonment; three years supervised release, restitution in the amount of $255,445.61, and special assessment of $600.00. Judgment was entered on April 24, 2007. *Id*. Petitioner appealed, and on April 14, 2008, his sentence and conviction were affirmed on direct appeal. *United States v. Moss,* 273 Fed. Appx. 840 (11th Cir.2008). It does not appear that petitioner sought certiorari in the United States Supreme Court.

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 on October 28, 2008. In his motion, he argued that he was denied effective assistance of counsel in numerous aspects during the underlying criminal case. The motion was denied on April 19, 2010. *Moss v U.S.* No. 1:08-cr-22997 (U.S. Dist. Ct., S.D. Fla.). Petitioner's appeal to the Eleventh Circuit Court of Appeals was denied on November 23, 2010. *Id*. His motion for reconsideration of the Eleventh Circuit's denial of his appeal was denied on January 12, 2011. *Id*.

Petitioner then filed a motion seeking relief from judgment which was denied on February 7, 2011, a motion for reconsideration which was denied on May 2, 2011, and an appeal of the district court's denial of his motion seeking relief from judgment which was denied on September 13, 2011. *Id*. The Supreme Court denied a petition for writ of certiorari on October 3, 2011. *Moss v U.S.,* 132 S.Ct. 226 (2011).

In the petition for a writ of *habeas corpus* currently before the court petitioner again attacks his conviction. Specifically, he claims that he is actually innocent of Count 6 of the indictment; and that his conviction is the result of a miscarriage of justice, prosecutorial

misconduct, and ineffective assistance of counsel.  As relief, petitioner seeks reversal of his conviction.  Doc. 1, att. 3, p. 6.

### *Law and Analysis*

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the <u>manner</u> in which a sentence is executed.  See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000).  On the other hand, a motion to vacate sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>.  See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).  Here, petitioner seeks to collaterally attack his conviction. Thus, his claim is more appropriately raised in a motion to vacate filed pursuant to 28 U.S.C. §2255.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." *Reyes-Requena v. U. S.*, 243 F.3d 893, 901 (5th Cir.2001).  The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255.  A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion.  *Reyes-Requena*, 243 F.3d at 904.  Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000).  The fact that a prior §2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive requirement does not make §2255 inadequate or

ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir.2000).

Petitioner argues that use of §2241 is proper here because after the conclusion of his §2255 proceedings, he discovered that the gun that gave rise to his conviction had the manufacturer's mark on the side but that he could not view the markings on the image on the compact disc that was provided to him by the prosecutor. Doc. 1, att. 3, pgs. 5-6. He also claims that the district court did not address the ineffective assistance of counsel and prosecutorial misconduct claims that he raised in his §2255 motion.

Petitioner's allegations are insufficient to invoke the savings clause. Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous motion to vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the "savings clause." Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir.2003).

### *Conclusion and Recommendation*

Considering the forgoing,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 26th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE